IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP J. T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-262-MTS |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Phillip J. T. requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined he was not disabled. For the reasons discussed below, the Court **AFFIRMS** the Commissioner's decision denying benefits.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy …." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920. Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.

At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.

If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id*. at 750.

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). A court's review is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted). Substantial evidence is

"more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). A court, however, may not re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if a court might have reached a different conclusion, the Commissioner's decision will stand if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## Background and Procedural History

On March 31, 2015, Plaintiff filed an application for Title XVI supplemental security income (42 U.S.C. § 1381, *et seq.*) under the Social Security Act. (R. 253-58). He alleged an inability to work beginning on September 7, 2011, due to limitations resulting from a stroke, right side paralysis, speech problems, concentration and memory problems, headaches, blood clots, and difficulty walking. (R. 312). Plaintiff was forty-nine years old at the time of the ALJ's decision. (R. 253, 659). He has a tenth-grade education and has prior work as a cook and metal fabricator. (R. 313-14, 659).

Plaintiff's application was denied initially and upon reconsideration. (R. 131-34, 138-40). After a hearing, ALJ Lantz McClain denied Plaintiff benefits and found him not disabled in a decision issued on October 3, 2017. (R. 24-37). After the decision became final, Plaintiff sought review in this Court, and the ALJ's decision was affirmed on October 3, 2017, in Case No. 19-

CV-168-JFJ. (R. 724-33). Plaintiff appealed the decision to the Tenth Circuit Court of Appeals. While the case was pending, the United States Supreme Court issued its decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021), deciding the Appointments Clause challenge, which was an issue in Plaintiff's case. On May 21, 2021, the Tenth Circuit remanded Plaintiff's case for further proceedings consistent with *Carr*. (R. 735). This Court then vacated the prior Opinion and Order and the Judgment, and then remanded the case for further proceedings. (R. 737-38). The Appeals Council remanded the case based on the Appointments Clause issue to a new ALJ. (R. 742-43).

On December 2, 2021, ALJ Luke Liter conducted an administrative hearing. (R. 668-95). The hearing was held by teleconference pursuant to COVID-19 procedures. (R. 646, 670-71). ALJ Liter issued a decision on February 18, 2022, denying benefits and finding Plaintiff not disabled. (R. 646-61). Because Plaintiff did not seek review of the decision, ALJ Liter's decision became the final decision of the Commissioner for purposes of further appeal. 20 C.F.R. § 416.1484.

## Decision of the Administrative Law Judge

Following the five-step sequential process, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since March 31, 2015, the application date. (R. 648). At step two, he found Plaintiff suffered from severe impairments of calluses and corns, mild neurocognitive disorder, depression, and anxiety. (R. 649). The ALJ determined at step three that Plaintiff's impairments did not meet or equal a listed impairment. (R. 651). Based upon his consideration of Plaintiff's subjective allegations, the medical evidence, and the medical source opinion evidence, the ALJ concluded that Plaintiff retained "the [RFC] to perform sedentary work as defined in 20 CFR 416.967(a)" with the following additional limitations:

> [T]he claimant is able to lift or carry, push, or pull up to twenty pounds occasionally and up to ten pounds frequently. The claimant can sit for eight hours out of an

4

> eight-hour day, and/or walk a combined total of two hours out of an eight-hour day. The claimant could only occasionally use foot controls with the bilateral feet. The claimant can understand, remember, and carry out simple tasks. The claimant can tolerate superficial (brief and cursory) contact with co-workers, supervisors, and members of the general public. The claimant can adapt to a work situation.

(R. 653).

At step four, the ALJ determined Plaintiff had no past relevant work. (R. 659). After consultation with a vocational expert ("VE"), the ALJ concluded at step five that Plaintiff could perform the representative jobs of document preparer, cutter and paster, and surveillance system monitor, all of which he found existed in significant numbers in the national economy. (R. 660, 690-92). As a result, the ALJ found Plaintiff had not been under a disability since March 31, 2015, the date the application was filed. (R. 660).

**Errors Alleged for Review**

Plaintiff raises two allegations of error in his challenge to the Commissioner's denial of benefits on appeal: (1) the ALJ's RFC assessment is erroneous and not based upon substantial evidence, and (2) the ALJ's consistency findings are not supported by substantial evidence. (Docket No. 14 at 6-15).

**The ALJ's RFC Determination**

Plaintiff argues that the ALJ's RFC determination as to his mental/cognitive impairments is not based upon substantial evidence in the record. He contends the ALJ erred by failing to follow the consultative findings of Larry Vaught, Ph.D., and River J. Smith, Ph.D., instead making "boilerplate" statements and conclusions regarding Plaintiff's mental RFC without proper explanation. Plaintiff further asserts the ALJ's determination that he can complete a full eight-hour workday is not supported by substantial evidence. Finally, in his reply brief, Plaintiff states

5

that his cognitive impairments prevent him from performing the jobs of document preparer, cutter and paster, and surveillance system monitor.

In the decision, the ALJ's discussion of Plaintiff's mental RFC included a detailed review of Dr. Vaught's and Dr. Smith's psychological consultative examinations of Plaintiff. Dr. Vaught examined Plaintiff on July 16, 2013, specifically noting that Plaintiff was taking anti-depressant medication after his stroke, but he currently was not taking any medication. (R. 656, 523, 526). He completed a mental medical source statement, finding a marked limitation in Plaintiff's ability to understand and remember complex instructions. (R. 519). The ALJ specifically considered Dr. Vaught's findings and discussed them in the decision:

> The undersigned affords substantial weight to the opinion of Dr. Vaught, as it is consistent with his findings upon examination (Exhibit B4F), the minimal treatment for depressive symptoms (Exhibits B1F-B15F), and the claimant's activities of daily living; however, there is nothing in the record to support Dr. Vaught's finding of marked limitations in the claimant's ability to understand, remember, and carry out complex instructions.

(R. 658).

The ALJ also discussed Plaintiff's examination by Dr. Smith. Dr. Smith examined Plaintiff on June 6, 2015. (R. 657, 602-06). Plaintiff reported to Dr. Smith that he had taken anti-depressant medication in the past, but he was not currently taking it. (R. 657, 605). Plaintiff also reported he worked briefly from August of 2014 to January of 2015, but he quit working when his boss cut his hours. (R. 657, 604).

In addition to the examinations of Dr. Vaught and Dr. Smith, the ALJ considered Plaintiff's treatment with his primary care physician (R. 657), the state agency psychologists' review of the medical record (R. 658), Plaintiff's testimony (R. 654), and a third-party function report completed by Plaintiff's mother (R. 658-59). Based upon the evidence in the record, the ALJ reached the following conclusion regarding Plaintiff's mental RFC:

6

> Given this evidence and the claimant's testimony, the claimant can understand, remember, and carry out simple tasks. The claimant can tolerate superficial (brief and cursory) contact with coworkers, supervisors, and members of the general public. The claimant can adapt to a work situation.

(R. 657). He further explained the RFC assessment in even greater detail:

> [T]he undersigned finds the above [RFC] assessment accommodates the claimant's physical and mental impairments and is adequate to address the location, duration, intensity, and frequency of the claimant's bona fide symptoms, as well as any reasonably anticipated aggravating and precipitating factors. The claimant's allegations and subjective complaints lack credibility to the extent that they purport to describe a condition of disability for Social Security purposes. The above [RFC] assessment is supported by treatment records showing non-compliance in INR testing, no treatment for his reported mental impairments, and refusal to allow his doctors to treat his calluses and corns since 2013. Testing showed a normal bilateral median and ulnar motor and sensory, and radial sensory nerve conduction studies, normal needle EMG study of both arms, normal bilateral peroneal and posterior tibial motor and sural sensory nerve conduction studies, and normal needle EMG of both legs (Exhibit B2F 6). An EEG was normal for his age (Exhibit B3F). Nothing in the claimant's treatment records indicates that the claimant would be unable to work under the above [RFC] assessment. Although the claimant alleges disability since 2011, this is a Title XVI only case with a protected filing date of March 31, 2015. The claimant has minimal treatment records since March 2015 with no treatment records of any type between July 2015 and March 2021. The lack of treatment, whether from primary care, specialists, urgent care, or hospitalizations, for almost six years does not support the claimant's allegations of disability.

(R. 659).

As demonstrated herein, the ALJ's decision reveals the mental RFC assessment is supported by substantial evidence in the record and is not based upon "boilerplate" statements and conclusions. The evidence supports the ALJ's mental RFC assessment, including that Plaintiff can complete a full eight-hour workday. The Court views Plaintiff's arguments as a request that the Court re-weigh the evidence, which it cannot do. *See Casias*, 933 F.2d at 800. Because the ALJ presented a hypothetical question to the VE which included the functional limitations he adopted in the RFC, including Plaintiff's mental limiations (R. 653, 660, 690-92), there is no error in the ALJ's determination that Plaintiff can perform the jobs of document preparer, cutter and

paster, and surveillance system monitor. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding an ALJ's hypothetical questioning of the VE provided an appropriate basis for the denial of benefits because the question "included all the limitations the ALJ ultimately included in his RFC assessment."), citing *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993).

### The ALJ's Consistency Determination

Plaintiff also takes issue with the ALJ's consistency evaluation, arguing that the ALJ's determination is not supported by substantial evidence because it is based upon "conclusory" findings and the ALJ failed to properly consider "most of the factors that the regulations require him to consider." Docket No. 14 at 15.[1] When evaluating a claimant's symptoms, the ALJ uses a two-step process:

> First, [the ALJ] must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second, . . . [the ALJ] evaluate[s] the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]

Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (v) treatment

---

[1] In the argument pertaining to the ALJ's consistency determination, Plaintiff also states "the ALJ never considered the Plaintiff's cognitive impairments because the ALJ erroneously found that those impairments were non-severe." *Id*. at 12. This is incorrect. The ALJ's decision demonstrates that he determined Plaintiff's severe impairments included mild neurocognitive disorder, depression, and anxiety. (R. 649). He also determined that Plaintiff had moderate limitations in the four functional areas of the "paragraph B" criteria. (R. 651-52). Moreover, the ALJ included functional limitations in the RFC assessment accounting for Plaintiff's mental impairments. (R. 653).

8

other than medication for relief of pain or other symptoms; (vi) any other measures used by the claimant to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations. *Id*. at *7-8.

Deference must be given to an ALJ's evaluation of a claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. An ALJ's findings, however, "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). "[S]o long as the ALJ 'sets forth the specific evidence he relies on in evaluating the [consistency of the claimant's subjective complaints],' he need not make a 'formalistic factor-by-factor recitation of the evidence.'" *Keyes-Zachary*, 695 F.3d 1156, 1167 (10th Cir. 2012), quoting *Qualls*, 206 F.3d at 1372.

As part of the evaluation of Plaintiff's subjective symptoms, the ALJ noted the two-step process set forth in SSR 16-3p and the requirements under 20 C.F.R. § 416.929. (R. 653). His evaluation included a detailed consideration of Plaintiff's subjective complaints on his disability report (R. 311-18), function report (R. 354-61), hearing testimony (R. 677-90), and a third-party function report (R. 364-71). (R. 653-54, 658-59). He also discussed in detail the medical evidence in the record. (R. 655-58). He determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" but Plaintiff's subjective statements were "not entirely consistent with the medical evidence and other evidence in the record[.]" (R. 654). The ALJ then made the following findings:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the totality of the evidence does not support the claimant's allegations of disabling pain or functional limitation. Furthermore, the claimant has not obtained any mental health treatment nor taken any medication for any mental health issues. His statements regarding his physical impairments are inconsistent with treatment records that show, as his

9

> doctor stated "super-non-compliance" with INR testing. Records also show he does not always take his medication as prescribed. In terms of his complaints about his feet, he refused to let the doctors look at his feet and did not show for an appointment with a podiatrist. The claimant testified he finally saw a podiatrist in 2021, there are no records to confirm his testimony. The claimant's statements regarding his limitations are not consistent with his treatment records. The claimant's treatment history, as discussed below, is not indicative of someone with his alleged level of pain and limitation from impairment. The claimant's lack of treatment for the past few years also indicates he is not as limited as alleged.

(R. 654-55). The ALJ also relied upon normal examination findings when Plaintiff sought treatment. (R. 510-515, 518, 659).

The Court finds the ALJ's consistency determination was not "conclusory," as the ALJ cited factors including Plaintiff's own testimony and reports of his activities, minimal mental health treatment and medication, instances of non-compliance with treatment and taking medication, and normal examination findings, and linked them to substantial evidence in the record. Based on the evidence of record before the Court, it cannot determine that the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801.

## Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **AFFIRMED**.

IT IS SO ORDERED this 16th day of August, 2023.

MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRCT COURT